**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Howard Greathouse,<br><br>        Petitioner,<br>vs.<br><br>Shelly Sonberg, et al.,<br><br>        Respondents. | No. CV-06-3083-PHX-PGR (HCE)<br><br>ORDER |

In an order of dismissal entered on March 10, 2008, the Court dismissed the petitioner's habeas petition, filed pursuant to 28 U.S.C. § 2254, because it was filed some 2½ years after the expiration of the limitations period mandated by 28 U.S.C. § 2244(d)(1) and because the late filing was not excused by statutory or equitable tolling; the Court entered its judgment of dismissal on that same date. The petitioner filed a notice of appeal from the judgment on March 24, 2008, and the Court entered an order denying the petitioner a certificate of appealability on March 27, 2008. On July 7, 2008, the petitioner filed a Motion for Appointment of Counsel, a Request for Evidentiary Hearing, and a Motion to Vacate Judgment [Pursuant to] Rule 60(b)[(6)]. On July 8, 2008, the respondents filed an opposition to the petitioner's motions for an evidentiary hearing and to vacate the judgment, arguing that the Court was without jurisdiction to resolve

them due to the pendency of the petitioner's appeal.  In an order entered on January 15, 2009, the Ninth Circuit Court of Appeals entered an order denying the petitioner a certificate of appealability, and as a result it terminated the petitioner's appeal.

Having reviewed the petitioner's pending motions, the Court finds that they should all be denied inasmuch as nothing in them establishes that the petitioner's federal habeas petition was timely filed or that any exception to the AEDPA's time bar authorizes the Court to consider the merits of any of his claims.

First, as the Court noted in its order of dismissal, the petitioner has not established that any of the alleged ineffective assistance of his trial and appellate counsel prevented him from timely filing his federal habeas petition.

Second, although the petitioner contends in his pending motions that alleged errors by his counsel and the state courts created a miscarriage of justice, he has not established that such errors permit him to obtain federal review of his time-barred constitutional claims on their merits.  In order for the petitioner to establish the existence of a miscarriage of justice sufficient to overcome the AEDPA's time bar, he must meet the "actual innocence" gateway established in Schlup v. Delo, 513 U.S. 298 (1995). *See* Johnson v. Knowles, 541 F.3d 933 (9th Cir.2008).  Under the Schlup standard, in order to overcome a procedural bar the petitioner must present evidence of his factual innocence so strong that "it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." Schlup, at 327.  The establishment of this "rarely successful" argument requires the submission of "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence - that was not presented at

trial." *Id.* at 324.  To the extent that the petitioner is in fact claiming actual innocence, as opposed to relying only on procedural violations to establish an alleged fundamental miscarriage of justice, *see* Johnson, 541 F.3d at 937 ("A petitioner who asserts only procedural violations without claiming actual innocence fails to meet [the Schlup standard[,]") he has not pointed to the existence of any evidence of actual innocence of the type sufficient to entitle him to any relief from the Court's previous ruling that his habeas petition is barred by the AEDPA's statute of limitations.  Therefore,

IT IS ORDERED that the petitioner's Motion for Appointment of Counsel (doc. #36), Request for Evidentiary Hearing (doc. #37), and Motion to Vacate Judgment [Pursuant to] Rule 60(b)[(6)] (doc. #38) are all denied.

DATED this 2nd day of February, 2009.

Paul G. Rosenblatt
United States District Judge